**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 02:03 PM May 21, 2012**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| DENNIS C. ADKINS, | ) | CASE NO. 11-62177 |
| | ) | |
| Debtor. | ) | ADV. NO. 11-6084 |
| _____ | ) | |
| BENJAMIN A. ADKINS, | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| DENNIS C. ADKINS, | ) | **(NOT FOR PUBLICATION)** |
| | ) | |
| Defendant. | ) | |

On April 5, 2012, Plaintiff filed a motion seeking a court order to admit outstanding requests for admissions served on February 15, 2012. Defendant filed a response opposing the motion on April 5, 2012.[1] For the reasons outlined in this opinion, the court finds the motion is not well-taken.

The court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984, now superseded by General Order 2012-7 dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

This opinion is not intended for publication or citation. The availability of this opinion, in

---

1 Interestingly, the response actually precedes the motion on the docket.

electronic or printed form, is not the result of a direct submission by the court.

Plaintiff relies on Federal Rule of Civil Procedure 36(a)(3), adopted into bankruptcy practice through Federal Rule of Bankruptcy Procedure 7036, as a basis for the relief sought. The rule states that "[a] matter is deemed admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection." According to Plaintiff, the discovery was served on February 15, 2012 and no timely response was received.

Plaintiff failed to bring this motion before the court in the manner prescribed by Local Bankruptcy Rule 7026-1. Under the local rule, courts do not consider discovery disputes "unless the party seeking discovery shall first advise the Court in writing that, after personal consultation and sincere attempts to resolve differences, the parties are unable to reach an accord." Loc.Bankr.R. 7026-1. Plaintiff has presented no evidence of any attempts to resolve this matter with opposing counsel prior to filing its discovery motion.

This case provides a very clear illustration of why the local rule exists. It appears this matter was fully resolvable without any court intervention with a simple phone call or email. According to Defendant, the failure to respond was a simple oversight. Responses to the admissions were timely drafted but inadvertently not mailed before counsel's paralegal went on maternity leave. Upon receiving the Rule 36(a)(3) motion, counsel immediately forwarded the responses. Plaintiff's counsel did not dispute any of these facts at a pretrial held on May 9, 2012.

The Motion for Order that Request for Admissions be Deemed Admitted will be denied by an order to be issued immediately.

It is so ordered.

\#     \#     \#

**Service List:**

J Jeffrey Heck
The Heck Law Offices, Ltd.
1 Marion Avenue
Suite 104
Mansfield, OH 44903

Charles T Robinson
3 N Main St
Richland Bank Bldg
#400
Mansfield, OH 44902-1708